IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RICHEENA OKOJIE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | NO. 3:24-cv-01489 |
| ) | |
| **ELIZABETH LOPEZ, et al.,** ) | JUDGE CAMPBELL |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Richeena Okojie, a Nashville resident proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1 ("the Complaint")) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

### I. PAUPER STATUS

Plaintiff's IFP application is blank except for one response to the form's queries: it lists monthly income of $800 in disability benefits. Although the failure to fill in any field of the form except one would ordinarily not suffice to establish a plaintiff's poverty, the Court in this case will provisionally grant Plaintiff's IFP application in light of the source of the income claimed, subject to revisiting the issue of Plaintiff's poverty at a later time. *See* 28 U.S.C. § 1915(e)(2)(A) ("[T]he court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue[.]"). For now, it appears that Plaintiff cannot pay the $405 civil filing fee "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

### A. Legal Standard

Under the pauper statute, 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

**B. Factual Allegations**

Plaintiff sues two officers who appear to be employed at the Davidson County Jail, M. Allen and Elizabeth Lopez. (Doc. No. 1 at 1, 4.) Plaintiff alleges that these officers violated her civil rights on August 26, 2024, when Defendant Allen "forcibly removed" Plaintiff's hijab and mocked her religious beliefs and practices after Defendant Lopez had her pepper sprayed for "exercise[ing] [her] freedom of speech." (*Id.* at 4.) These events occurred when Plaintiff was being led from the booking area of the jail to a cell, and unnamed booking officers "all jumped on" Plaintiff. (*Id.*) Plaintiff was then strip searched by Defendants Allen and Lopez "to further humiliate, embarrass, and mock [Plaintiff] and [her] modesty." (*Id.* at 4–5.) Plaintiff alleges that she sustained injuries to her left knee and right eye during the altercation with the booking officers, and that she was not treated for those injuries. (*Id.* at 6.) She also alleges that the altercation and removal of her hijab happened in the view of "the men in booking at the time." (*Id.* at 4.) She asks to be awarded compensatory and punitive damages. (*Id.*)

**C. Analysis**

Plaintiff claims that Defendants violated her "constitutional and civil rights" (Doc. No. 1 at 6), specifically her freedoms of religion and speech, her right to privacy, and her right to be free from unlawful punishment and discrimination. (*Id.* at 3.) The source of the rights allegedly violated, although not cited in the Complaint, is liberally construed to be the U.S. Constitution's First and Fourteenth Amendments.

The chronology of the events alleged in the Complaint is difficult to discern, but appears to have started with Plaintiff's alleged "exercise[] [of her] freedom of speech within the jail," after which (in one order or another) Lopez directed that she be pepper-sprayed, a fracas ensued, and Allen removed her hijab. (*See* Doc. No. 1 at 4 ("I was attacked by the booking officers while being

led to a cell and they all jumped on me, pepper spraying me and M. Allen (booking officer) snatched my hijab (religious covering) off my head[,] [m]ade a disparaging remark about my religion[,] and then mocked me after its removal.").)

Sparse though these allegations are, the Court finds it at least colorably claimed that Defendant Lopez violated Plaintiff's constitutional rights when she had Plaintiff pepper sprayed in response to something Plaintiff said. Presumably, Plaintiff was a pretrial detainee when she was booked into the jail. To support a plausible claim of excessive force under the Fourteenth Amendment, "a pretrial detainee must show only that the force purposely or knowingly used against [her] was objectively unreasonable" considering the pertinent facts and circumstances. *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Although the Court recognizes that "[p]rison officials may legitimately punish inmates who verbally confront institutional authority without running afoul of the First Amendment," *Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 864 (5th Cir. 2004) (citing *Goff v. Dailey*, 991 F.2d 1437, 1439 (8th Cir. 1993)), at this early stage and based on Plaintiff's status as a pretrial detainee, the Court will allow Plaintiff's excessive-force claim to proceed for further development.

As to Plaintiff's constitutional claim based on the removal of her hijab, "[t]he Free Exercise Clause of the First Amendment, applicable to the States under the Fourteenth Amendment, provides that 'Congress shall make no law . . . prohibiting the free exercise' of religion." *Fulton v. City of Philadelphia, Penn.*, 593 U.S. 522, 532 (2021). Prisoners "must be provided 'reasonable opportunities' to exercise their religious freedom guaranteed under the First Amendment." *Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (quoting *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam)). "A prisoner alleging that the actions of prison officials violate [her] religious beliefs must show

4

that 'the belief or practice asserted is religious in the person's own scheme of things' and is 'sincerely held.'" *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (quoting *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987)). Of course, although prisoners retain a right to religious exercise, "the circumstances of prison life may require some restrictions on prisoners' exercise of [that right], requiring a court to balance the prisoners' constitutionally protected interest in the free exercise of their religious beliefs against the state's legitimate interests in operating its prisons." *Hayes v. Tennessee*, 424 F. App'x 546, 549 (6th Cir. 2011) (internal quotation marks and citation omitted).

Plaintiff alleges that she wears her hijab "in service to [her] religion." (*Id.*) Construing the Complaint liberally and in Plaintiff's favor, the Court finds for purposes of initial review that Plaintiff plausibly alleges a sincerely held belief in wearing the hijab for religious purposes, and that Defendant Allen's forcible removal of the hijab while mocking Plaintiff for practicing her religion amounts to a violation of her free exercise rights. *See Chapman v. Franklin Cnty. Sheriff*, No. 2:22-CV-2524, 2022 WL 2915593, at *5 (S.D. Ohio July 22, 2022), *report and recommendation adopted*, 2022 WL 3359283 (S.D. Ohio Aug. 15, 2022) (permitting First Amendment claim to proceed where plaintiff "alleged facts indicating her sincerely held religious belief in wearing a hijab in accordance with her Muslim faith and her distress at having the hijab [forcibly] removed"). This claim will also be allowed to proceed for further development.

### III. CONCLUSION

As explained above, Plaintiff's case is sufficiently pled to survive initial review.[1]

---

[1] The Court's determination that the Complaint states colorable claims for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for each named defendant. Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of the entry of this Order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packets, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on the defendants. Fed. R. Civ. P. 4(b) and (c)(3).

This action is **REFERRED** to the Magistrate Judge to oversee service of process, to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

/s/ William L. Campbell, Jr.
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE